UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
JAMES HAYES,

                            Plaintiff,                              **COMPLAINT**

       -against-                                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK AND
POLICE OFFICER JASON MACCARON (TAX 948528),

                            Defendants.
---------------------------------------------------------------------------x

Plaintiff, JAMES HAYES, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the United States District Court for the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in Queens County, in the State of New York.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, JAMES HAYES, is, and has been, at all relevant times, a resident of Queens County in the City and State of New York.

7. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER JASON MACCARON (TAX 948528), was an individual employed by the City of New York as a member of the NYPD. Officer Maccaron is sued herein in his official and individual capacities. Officer Maccaron is currently assigned to the Transit Division District 23 of the NYPD.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while

acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

12. On May 21, 2014, at approximately 1:00 a.m., plaintiff, JAMES HAYES, was present on the MTA "A" Train Platform of the Rockaway Parkway subway station.

13. At this time, Defendant Maccaron arrived on duty and suddenly seized the Plaintiff from behind without any warning or justification.

14. Defendant Maccaron then slammed Plaintiff Hayes to the ground.

15. Defendant Maccaron placed Plaintiff in handcuffs and thereafter continued assaulting him by punching Plaintiff in his face and head using his fists.

16. As a result of the force used by Defendant Maccaron, Plaintiff sustained injuries to his cheekbone and jaw, including facial fractures and lacerations which required stitches.

17. Defendant Maccaron used this level of force against Plaintiff Hayes without any legal justification or excuse.

18. Plaintiff was then formally arrested and taken into custody.

19. Defendant Maccaron then transported Plaintiff to the emergency room of a local area hospital so that Plaintiff could be treated for the injuries he sustained at the hands of Defendant Maccaron.

20. At the hospital, while still in the custody of the Defendant, Plaintiff was diagnosed with several injuries as a result of the interaction with the Defendant, including a facial fracture.

21. As a result of the foregoing, Plaintiff James Hayes sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

22. All of the aforementioned acts of Defendants, their agents, servants and employees, were

carried out under the color of state law.

23. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27. Plaintiff JAMES HAYES repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

28. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and excessive force, and caused to sustain serious and permanent physical injuries, including, but not limited to, facial fractures, without any legal justification.

29. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was subjected to excessive force without any legal justification.

### SECOND CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

30. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31. Defendants used excessive force against plaintiff JAMES HAYES, in the absence of any legal justification to do so, notwithstanding their knowledge that said force was unnecessary and unconstitutional, and would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in

their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

35. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. using excessive force against individuals;

    ii. using force against individuals where it is not necessary;

    iii. falsifying evidence and testimony to support the use of excessive force;

    iv. falsifying evidence and testimony to cover up police misconduct.

36. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, JAMES HAYES.

37. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was beaten and subjected to excessive force.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

41. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

42. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

    i.    an order awarding compensatory damages in an amount to be determined at trial;

    ii.    an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 21, 2017

        Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By:   JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020